HOLLAND & KNIGHT LLP
Ashley L. Shively, SBN 264912
Andrew Klair, SBN 334960
560 Mission Street, Suite 1900
San Francisco, CA 94105
Telephone: 415-743-6900
Facsimile: 415-743-6910
E-mail: ashley.shively@hklaw.com
andrew.klair@hklaw.com

Attorneys for Defendant
AMC NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRISHA ICKES, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMC NETWORKS, INC., doing business as AMC+,<br><br>Defendant. | Case No. 3:23-cv-00803-SI<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS OR TRANSFER PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: June 9, 2023<br>Time: 10:00 am<br>Place: San Francisco Courthouse<br>450 Golden Gate Avenue, 17th Floor<br>San Francisco, CA 94102<br><br>Hon. Susan Illston<br><br>Complaint Filed: February 22, 2023 |

1
CASE NO.: 3:23-cv-00803-SI
NOTICE OF MOTION AND MOTION TO DISMISS OR TRANSFER PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on June 9, 2023, at 10:00 a.m., in Courtroom 1 of the U.S. District Court for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, 17th Floor, San Francisco, CA 94102, or as soon thereafter as this matter may be heard, defendant AMC Networks Inc. will move for an order, pursuant to the first-to-file rule and 28 U.S.C. § 1404(a), to dismiss the above-captioned case, or, in the alternative, to transfer the above-captioned case to the U.S. District Court for the Southern District of New York where the related case *Ronald Vela, et. al. v. AMC Networks, Inc.*, Case No. 1:23-cv-02524-DLC is pending.

This motion to dismiss or transfer is based on this notice of motion, AMC Networks Inc.'s memorandum of points and authorities and evidence cited therein, and any additional documents, evidence, or argument that AMC Networks Inc. submits in advance of or at the hearing on this motion.

Dated: April 28, 2023

*/s/ Ashley L. Shively*
HOLLAND & KNIGHT LLP
Ashley L. Shively
Andrew Klair

Attorneys for Defendant
AMC Networks Inc.

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..................................................................................................................7
II. FACTUAL AND PROCEDURAL BACKGROUND..........................................................8
    A. Plaintiffs McCoy, Nunez, and Germuga Filed Suit Against AMC in the Southern District of New York, Asserting Violations of the VPPA.......................8
    B. Approximately a Month Later, Plaintiff Ickes Filed Suit in California, also Alleging Violations of the VPPA against AMC ......................................................8
    C. A Month Later, McCoy is Replaced by New Plaintiff Vela....................................9
III. LEGAL STANDARD..........................................................................................................10
    A. First-to-File Rule.....................................................................................................10
    B. Transfer Pursuant to 28 U.S.C. Section 1404(a)....................................................10
IV. ARGUMENT .......................................................................................................................11
    A. This Case Should be Dismissed or Transferred Pursuant to the First-to-File Rule...11
        1. The Origin of This Case Is Chronologically Later Than the SDNY Action and Thus It Should be Dismissed.....................................................11
        2. The Parties to this case are Identical or in Similar Positions to The Parties in the SDNY Action, and Thus This Case Should be Dismissed ..12
        3. The Issues in This Case are Functionally Identical to those in the SDNY Action and Thus This Case Should be Dismissed ......................................13
        4. In the Alternative, if the Court Does Not Dismiss, It Should Transfer This Case Under the First-to-File Rule.....................................................15
    B. In the Alternative, the Court Should Transfer This Case to the Southern District of New York Pursuant to Section 1404(a).............................................................15
        1. Ickes Could Have Filed this Case in the Southern District of New York..16
        2. Convenience and Fairness Support Transfer of This Case .........................16
            a) Plaintiff's Choice of Forum is Afforded Only Minimal Weight ...17
            b) Convenience of the Parties and Witnesses Support Transfer of This Case to the Southern District of New York ..........................18
            c) The Interest of Justice is Served by Transfer................................18
V. CONCLUSION ....................................................................................................................20

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA  94105
Tel: 415.743.6900
Fax: 415.743.6910

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alltrade, Inc. v. Uniweld Prods., Inc.*,
    946 F. 2d 622 (9th Cir. 1991) ..............................................................................................10, 11

*Argonaut Ins. Co. v. Mac Arthur Co.*,
    No. 3:12-cv-3878-WHA, 2002 WL 145400 (N.D. Cal. Jan. 18, 2002)..................................19

*Cadenasso v. Metro. Life Ins. Co.*,
    No. 13-CV-05491-JST, 2014 WL 1510853 (N.D. Cal. Apr. 15, 2014) .................................19

*Cardoza v. T- Mobile USA Inc.*,
    No. 3:08-cv-05120-SC, 2009 WL 723843 (N.D. Cal. Mar. 18, 2009) ...................................18

*Cedars-Sinai Med. Ctr. v. Shalala*,
    125 F. 3d 765 (9th Cir. 1997) ................................................................................................10

*Cont'l Grain Co. v. Barge FBL-585*,
    364 U.S. 19 (1960)..................................................................................................................18

*Esquer v. StockX, LLC*,
    No. 19-CV-05933-LHK, 2020 WL 3487821 (N.D. Cal. 2020)..............................................17

*Fossum v. Nw. Mut. Life Ins. Co.*,
    No. C 10-2657 SI, 2010 WL 11054415 (N.D. Cal. 2010).......................................................10

*Inherent.com v. Martindale-Hubbell*,
    420 F. Supp. 2d 1093 (N.D. Cal. 2006) .................................................................10, 12, 13, 15

*Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.*,
    544 F. Supp. 2d 949 (N.D. Cal. 2008) ...................................................................11, 12, 13, 14

*Italian Colors Rest. v. Am. Express Co.*,
    No. 3:03-cv-03719-SI, 2003 WL 22682482 (N.D. Cal. 2003) ...............................................17

*Jones v. GNC Franchising*,
    211 F. 3d 495 (9th Cir. 2000) ................................................................................................16

*Keller v. Amazon.com, Inc.*,
    17-CV-02219-RS, 2019 WL 13113043 (N.D. Cal. Oct. 23, 2019) ........................................14

*Kohn L. Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*,
    787 F.3d 1237 (9th Cir. 2015) ................................................................................................13

*Lou v. Belzberg*,
    834 F. 2d 730 (9th Cir. 1987) ................................................................................................17

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

*Madani v. Shell Oil Co.*,
   No. 3:07- cv-04296-MJJ, 2008 WL 268986 (N.D. Cal. Jan. 30, 2008)..................................19

*Marcelo v. Amazon.com, Inc.*,
   21-CV-07843-JD, 2023 WL 1069880 (N.D. Cal. 2023) ........................................................14

*Martin v. Global Tel\*Link Corp.*,
   No. 4:15-cv-00449-YGR, 2015 WL 2124379 (N.D. Cal. May 6, 2015)...........................16, 18

*Microchip Tech., Inc. v. United Module Corp.*,
   No. CV-10-04241-LHK, 2011 WL 2669627 (N.D. Cal. 2011)..............................................11

*Morgan Hill Concerned Parents Assoc. v. Cal. Dep't of Educ.*,
   No. 2:11-cv-3471-KJM-AC, 2018 WL 2716900 (E.D. Cal. 2018) ..................................17, 20

*Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Payless Shoesource, Inc.*,
   No. C-11-1892 EMC, 2012 WL 3277222 (N.D. Cal. 2012) ..................................................13

*Nypl v. JPMorgan Chase & Co.*,
   No. 3:15-cv-02290-VC, 2015 WL 9980704 (N.D. Cal. 2015) ...............................................19

*OHC Grp. LLC v. Blip, LLC*,
   No. CV 09-5804 PA, 2009 WL 10674443 (C.D. Cal. 2009)..................................................10

*Pacesetter Sys., Inc. v. Medtronic, Inc.*,
   678 F. 2d 93 (9th Cir. 1982) ..............................................................................................10, 11

*Papaleo v. Cingular Wireless Corp.*,
   2007 WL 1238713 (N.D. Cal. 2007) ......................................................................................19

*Persepolis Enter. v. United Parcel Serv., Inc.*,
   No. 07-cv-02379 SC, 2007 WL 2669901 (N.D. Cal. 2007) ...................................................13

*Peters v. Wells Fargo Bank, N.A.*,
   No. 4:17-cv-04367-JST, 2018 WL 398238 (N.D. Cal. 2018) ................................................17

*Ross v. U.S. Bank Nat'l Ass'n*,
   542 F. Supp. 2d 1014 (N.D. Cal. 2008) ..................................................................................12

*Schwartz v. Frito-Lay North America*,
   2012 WL 8147135 (N.D. Cal. 2012) ............................................................................. *passim*

*State v. Bur. of Land Mgmt.*,
   No. 4:18-cv-00521-HSG, 2018 WL 3439453 (N.D. Cal. 2018).............................................16

*Stewart Org., Inc. v. Ricoh Corp.*,
   487 U.S. 22 (1988)..................................................................................................................10

*Wallerstein v. Dole Fresh Vegetables, Inc.*,
   967 F. Supp. 2d 1289 (N.D. Cal. 2013) ......................................................................10, 13, 15

*Williams v. Bowman*,
   157 F. Supp. 2d 1103 (N.D. Cal. 2001) ................................................................................10

*Xoxide, Inc. v. Ford Motor Co.*,
   448 F. Supp. 2d 1188 (C.D. Cal. 2006) ................................................................................11

*Young v. L'Oreal USA, Inc.*,
   526 F. Supp. 3d 700 (N.D. Cal. 2021) ..................................................................................15

*Zou v. Mkt. Am., Inc.*,
   No. 19-CV-01282-LHK, 2019 WL 13218583 (N.D. Cal. 2019)................................10, 12, 14

**Statutes**

28 U.S.C. § 1332(d)(2) ..................................................................................................................16

28 U.S.C. § 1391(b) ......................................................................................................................16

28 U.S.C. § 1404(a) ................................................................................................................ *passim*

**Other Authorities**

Fed. R. Civ. Proc. 15(a)(1).............................................................................................................11

Fed. R. Civ. Proc. 21.....................................................................................................................11

Fed. R. Civ. Proc. 23.....................................................................................................................19

Fed. R. Civ. Proc. 42.....................................................................................................................15

S.D.N.Y. Local Rule 13 ................................................................................................................19

## I.     **INTRODUCTION**

This lawsuit is a belated attempt to ride the crest of a wave of litigation targeting entertainment companies' advertising practices. In fact, Defendant AMC Networks Inc. ("AMC" or "AMC+") is already litigating these very facts against the same proposed class of plaintiffs in the Southern District of New York. This Court should not reward Plaintiff's tardiness with any examination of the case's merits. Instead, under the first-to-file rule, this Court should dismiss the case in favor of the ongoing New York action.

Plaintiff filed this case roughly a month after another plaintiff in the Southern District of New York commenced a substantively identical nationwide class action against AMC Networks Inc. ("AMC" or "AMC+"). Plaintiff's factual allegations are indistinguishable from those in the first-filed case and, unsurprisingly, she asserts an identical federal cause of action. Plaintiff also seeks to certify a class that is subsumed by the proposed class in the first-filed case. The sole differentiator between the two cases are Plaintiff's state claims, which are based on an identical factual predicate and can easily be adjudicated by the first-filed court, should this Plaintiff wish to assert those claims in the New York action. In short, this case need not exist because the interests Plaintiff seeks to represent are already represented in the earlier, ongoing case.

District courts have guidelines adopted the first-to-file rule to prevent this abject waste of judicial and party resources. All three elements of the rule are satisfied here: (i) the New York case is part of a litigation that was chronologically filed first, (ii) the composition of the proposed classes is identical, and (iii) the factual allegations are substantively identical. Under the first-to-file rule, the proper course of action is to dismiss this case, as Plaintiff can simply participate in the New York case, or transfer this case to the Southern District of New York to allow consolidation. Permitting Plaintiff to maintain this action here introduces the very same risk of conflicting judgments and burden on the judiciary that the rule is designed to avoid. Even if the Court does not exercise the first-to-file rule, 28 U.S.C. § 1404(a) provides a separate basis to transfer this case to the Southern District of New York, which is easily satisfied as set forth below.

//

//

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

## II.     FACTUAL AND PROCEDURAL BACKGROUND

### A.     Plaintiffs McCoy, Nunez, and Germuga Filed Suit Against AMC in the Southern District of New York, Asserting Violations of the VPPA

Plaintiffs Gerald McCoy, Nicholas Nunez, and Andy Germuga (collectively the "Initial NY Plaintiffs") filed a putative class action against AMC on January 18, 2023, in the United States District Court for the Southern District of New York. *Gerald McCoy v. AMC Media, LLC,* No. 1:23-cv-00441 (S.D.N.Y) (the "*McCoy* Action"). In this initial complaint, the Initial NY Plaintiffs alleged that AMC "knowingly" disclosed the information of its subscribers, specifically subscribers' personally identifiable information to non-party Meta (fka Facebook), in violation of the federal Video Privacy Protection Act ("VPPA"). Request for Judicial Notice, Ex. 1 (*McCoy* Compl.) at ¶ 1. Based on these allegations, the Initial NY Plaintiffs sought to represent a nationwide class of similarly situated subscribers, defined as "[a]ll persons in the United States who subscribed to AMC+, requested or obtained video content from the AMC+ website, and used Facebook during the time Facebook's Pixel was active on AMC+." *McCoy* Compl. at ¶ 82. The Initial NY Plaintiffs also sought to represent similar sub-classes specifically in New York (¶ 84) and Minnesota (¶¶ 83, 85).

### B.     Approximately a Month Later, Plaintiff Ickes Filed Suit in California, also Alleging Violations of the VPPA against AMC

On February 22, 2023, roughly a month after the first-filed case commenced, Plaintiff Trisha Ickes filed the instant case in the United States District Court for the Northern District of California. Plaintiff's Complaint is based on the exact same alleged violations of the VPPA. ECF 1, Complaint ("*Ickes* Compl.") at ¶ 4. Specifically, the Complaint alleges that AMC "knowingly and willfully discloses to Facebook its consumers' PII without first obtaining their express written consent." *Ickes* Compl. at ¶ 14. Based on these alleged violations of the VPPA, Ms. Ickes seeks to certify a class of "[a]ll persons in the United States who subscribed to AMC+, requested or obtained video content from the AMC+ website, and used Facebook during the time Meta's Pixel was active on AMC+." *Ickes* Compl. at ¶ 85.

This case—the second-filed case—is identical in scope, and wholly subsumed by the first-filed SDNY case, the *McCoy* Action. The only difference lies in certain California causes of action,

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

which can be adjudicated in any District. Moreover, this action, like the *McCoy* Action, does not belong in court at all – as Plaintiffs' claims are subject to an arbitration clause and a class waiver provision that preclude this dispute being litigated in a court in any jurisdiction.

### C. A Month Later, McCoy is Replaced by New Plaintiff Vela

On March 24, 2023, the Initial NY Plaintiffs dismissed the *McCoy* Action and that same day counsel for the Initial NY Plaintiffs filed a new case on behalf of original plaintiffs Nicholas Nunez and Andy Germuga and replaced Gerald McCoy with a new plaintiff: Ronald Vela. *Ronald Vela, et. al. v. AMC Networks, Inc.,* Case No. 1:23-cv-02524-DLC (S.D.N.Y) (the "*Vela* Action"). In doing so, plaintiffs' counsel marked the *Vela* Action as related to the *McCoy* Action. By counsel for McCoy and Vela's own admission, the *Vela* Action is otherwise indistinguishable and has "substantially identical allegations against the same defendant as the complaint in *McCoy v. AMC Networks, Inc.* (the '*McCoy* Action')." Request for Judicial Notice, Ex. 2 (Vela Notice of Earlier Filed Case). Further, counsel for McCoy and Vela states that "[t]hese allegations are substantially identical in both filings, but for the substitution of Plaintiff Vela for Plaintiff McCoy." *Id.*

Indeed, as with the Initial NY Plaintiffs (and Ms. Ickes in this case), Mr. Vela and the remaining original plaintiffs (collectively the "Amended NY Plaintiffs") allege that AMC "knowingly" disclosed the information of its subscribers, specifically subscribers' personally identifiable information to non-party Meta (fka Facebook), in violation of the federal Video Privacy Protection Act ("VPPA"). Request for Judicial Notice, Ex. 3 (*Vela* Compl.) at ¶ 1. Based on these allegations, the Amended NY Plaintiffs, like the Initial NY Plaintiffs, seek to represent a nationwide class of similarly situated subscribers, defined as "[a]ll persons in the United States who subscribed to AMC+, requested or obtained video content from the AMC+ website, and used Facebook during the time Facebook's Pixel was active on AMC+." *Vela* Compl. at ¶ 82. the Amended NY Plaintiffs also seek to represent similar classes specifically in New York (¶ 84) and Minnesota (¶¶ 83, 85). These complaints are functionally identical—with the exception of a single named plaintiff, a fact recognized by the court in the Southern District of New York—and are therefore referred to collectively as the SDNY Action .

### III. LEGAL STANDARD

#### A. First-to-File Rule

"A federal district court has discretion to dismiss, stay, or transfer a case to another district court under the first-to-file rule." *Wallerstein v. Dole Fresh Vegetables*, *Inc.*, 967 F. Supp. 2d 1289, 1292 (N.D. Cal. 2013); *see also Zou v. Mkt. Am., Inc.*, No. 19-CV-01282-LHK, 2019 WL 13218583, at *5 (N.D. Cal. 2019); *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F. 2d 622, 623 (9th Cir. 1991); *Cedars-Sinai Med. Ctr. v. Shalala*, 125 F. 3d 765, 769 (9th Cir. 1997); *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F. 2d 93, 95 (9th Cir. 1982). The rule allows a district court to decline jurisdiction over an action by dismissing the action when a complaint, as here, involves the same parties and issues as a case previously filed in another district. *Inherent.com v. Martindale-Hubbell*, 420 F. Supp. 2d 1093, 1097 (N.D. Cal. 2006). It further allows a district court to transfer such an action to the district where the previously filed case is located. *See, e.g., Fossum v. Nw. Mut. Life Ins. Co.,* No. C 10-2657 SI, 2010 WL 11054415, at *2-3 (N.D. Cal. 2010) (transferring case under first-to-file rule). The purpose of the rule "is the avoidance of both an unnecessary burden on the federal judiciary and of conflicting judgments." *OHC Grp. LLC v. Blip, LLC*, No. CV 09-5804 PA, 2009 WL 10674443, at *2 (C.D. Cal. 2009) (citation omitted). Therefore, the rule "should not be disregarded lightly." *Alltrade*, 946 F. 2d at 625 (9th Cir. 1991) (quoting *Church of Scientology v. United States Dep't of the Army*, 611 F. 2d 738, 750 (9th Cir. 1979) (reversed on other grounds)).

#### B. Transfer Pursuant to 28 U.S.C. Section 1404(a)

Separately, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). "The burden of showing that transfer is appropriate is on the moving party." *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001).

//

//

## IV. ARGUMENT

### A. This Case Should be Dismissed or Transferred Pursuant to the First-to-File Rule

Courts consider three factors in determining whether to dismiss or transfer under the first-to-file rule: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues. *Alltrade*, 946 F. 2d at 625–26; *Microchip Tech., Inc. v. United Module Corp.,* No. CV-10-04241-LHK, 2011 WL 2669627 at *3 (N.D. Cal. 2011) (accord). When, as here, each of these factors is present, the district court in the second-filed action should dismiss, stay, or transfer that action in favor of the first-filed case. *See, e.g.*, *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F. 2d 93, 94 (9th Cir. 1982) (dismissal); *Microchip,* 2011 WL 2669627 at *9 (N.D. Cal. 2011) (transfer).

When applying the first-to-file rule, courts frequently dismiss the second-filed action in favor of the first-filed action. *Xoxide, Inc. v. Ford Motor Co.*, 448 F. Supp. 2d 1188, 1192 (C.D. Cal. 2006); *see also Alltrade*, 946 F. 2d at 625. Dismissal is particularly appropriate in a case such as this one, where there are no concerns regarding availability of remedies or jurisdiction in the first court. *Intersearch Worldwide*, 544 F. Supp. 2d at 963. Courts also consider the pace of the two cases, and where the first-filed case has proceeded beyond the second-filed case, the second case should be dismissed for the sake of judicial economy. *Id*. Such is the case here, where the *Vela* Action is in essence a second round of pleadings, and dismissal is the appropriate remedy.

#### 1. The Origin of This Case Is Chronologically Later Than the SDNY Action and Thus It Should be Dismissed

The *McCoy* Action unquestionably predates the filing of the instant class action because it was filed on January 18, 2023. Plaintiff Ickes did not file this action until February 22, 2023. Although the New York plaintiffs' counsel ultimately dismissed the *McCoy* Action, those same lawyers subsequently refiled the case substituting Plaintiff Vela for Plaintiff McCoy. *See* Request for Judicial Notice Ex. 2 That plaintiff switch should have been accomplished by filing an amendment to the *McCoy* complaint or by motion to the Court for the same. *See* Fed. R. Civ. Proc. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party"); Fed. R. Civ. Proc. 15(a)(1) ("A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a

responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier"). Practically speaking, therefore, the *Vela* Action operates as the equivalent to an amendment to the complaint in the *McCoy* Action.

There can be no question that the *Vela* Action is but a mere continuation of the *McCoy* Action. Plaintiffs' counsel affirmatively identified the *Vela* Action as related to the *McCoy* Action when the *Vela* Action was filed. Request for Judicial Notice Ex. 2 at p. 2. Indeed, plaintiffs' counsel for the *Vela* Action conceded that "[b]ut for the substitution of Plaintiff Vela for Plaintiff McCoy, . . . the 'Vela Action' . . . brings substantially identical allegations against the same defendant as the complaint in McCoy v. AMC Networks, Inc." *Id*. Because *Vela*, by way of *McCoy*, was filed earlier in time, this case should be dismissed or transferred. *See, e.g., Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.*, 544 F. Supp. 2d 949, 963 (N.D. Cal. 2008) ("Dismissal is proper where the court of first filing provides adequate remedies"); *Zou v. Mkt. Am., Inc*., No. 19-CV-01282-LHK, 2019 WL 13218583, at *10 (N.D. Cal. 2019) (transfer to Middle District of North Carolina); *Elecs. for Imaging, Inc.*, 2012 WL 13012434, at *4 (transfer to Northern District of Illinois). Accordingly, this case post-dates the SDNY Action in chronological order and the first element is satisfied.

### 2. The Parties to this case are Identical or in Similar Positions to The Parties in the SDNY Action, and Thus This Case Should be Dismissed

The second factor, similarity of parties, also favors application of the first-to-file rule to dismiss this case because: (1) AMC is the defendant in both cases; and (2) the putative classes overlap. Courts in the Ninth Circuit have adopted a flexible approach in evaluating the similarity of the parties. *See, e.g., Intersearch Worldwide, Ltd. v Intersearch Group, Inc.*, 544 F. Supp. 2d 949, 959 n.6 (N.D. Cal. 2008) ("[E]xact identity is not required to satisfy the first-to-file rule. The rule is satisfied if some [of] the parties in one matter are also in the other matter, regardless of whether there are additional unmatched parties . . . ."); *Inherent.com*, 420 F. Supp. 2d at 1097 ("The 'sameness' requirement does not mandate that the two actions be identical, but is satisfied if they are "substantially similar.'") (citation omitted).

In class actions, courts look to the similarity of the proposed class rather than the similarity of the class representatives. *See, e.g., Ross v. U.S. Bank Nat'l Ass'n*, 542 F. Supp. 2d 1014, 1020

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

(N.D. Cal. 2008) ("In a class action, the classes, and not the class representatives, are compared"); *Persepolis Enter. v. United Parcel Serv., Inc.*, No. 07-cv-02379 SC, 2007 WL 2669901, at *2 (N.D. Cal. 2007) ("The first-to-file rule requires the court in a class action suit to compare the proposed classes, not their representatives."). Specifically, "[c]ourts have held that 'the first-to-file rule does not require strict identity of the parties, but rather substantial similarity.'" *Wallerstein v. Dole Fresh Vegetables, Inc.,* 967 F. Supp. 2d 1289, 1295 (N.D. Cal. 2013) (*quoting Adoma v. Univ. of Phoenix, Inc.,* 711 F. Supp. 2d 1142, 1147 (E.D. Cal. 2010); *see also Inherent.com,* 420 F. Supp. 2d at 1097 (accord). Here, the nationwide putative class is *identical* to the class in the SDNY Action. *Compare Ickes* Compl. ¶ 85 ("All persons in the United States who subscribed to AMC+, requested or obtained video content from the AMC+ website, and used Facebook during the time Meta's Pixel was active on AMC+") *with Vela* Compl. ¶ 82 ("All persons in the United States who subscribed to AMC+, requested or obtained video content from the AMC+ website, and used Facebook during the time Facebook's Pixel was active on AMC+").[1]

As such, the similarity of the classes is complete and favors dismissal of the *Ickes* case.

### 3. The Issues in This Case are Functionally Identical to those in the SDNY Action and Thus This Case Should be Dismissed

The third factor, similarity of the issues, likewise favors dismissal under the first-to-file rule. The key inquiry is whether the cases share the same "key dispute." *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Payless Shoesource, Inc.*, No. C-11-1892 EMC, 2012 WL 3277222, at *3 (N.D. Cal. 2012). A district court assessing whether two cases share the same key dispute generally considers whether the factual and legal issues in the cases overlap. *Kohn L. Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015) (finding that "[t]he issues in both cases also need not be identical, only substantially similar"). When, as here, the key dispute in the two actions is so similar, dismissal of the second-filed case is appropriate. *Intersearch Worldwide*, 544 F. Supp. 2d at 962.

---

[1] Meta Inc. is the parent company of the social media platform Facebook. Both cases refer to the same thing: *Vela* merely refers to the platform it appears on (Facebook) whereas this case refers to the parent company (Meta).

Both this case and the SDNY Action raise the same core factual issue—the alleged disclosure of user data via the Meta (fka Facebook) "Tracking Pixel on the AMC.com website." *See, e.g., Vela* Compl. ¶¶ 34-50; *and Ickes* Compl. ¶¶ 33-49. Furthermore, the primary claims in both cases stem from the same statutory basis, alleged violations of the VPPA. *Compare Vela* Compl. ¶¶ 93-101, *with Ickes* Compl. ¶¶ 12-17, 25-32, 100-120. Lastly, both cases face the same procedural issue: binding arbitration and class waiver. As such, the defenses will most likely be identical. It would waste judicial resources and risk inconsistent outcomes for different courts to address motions opposing class certification, motions for summary judgment in both cases, and motions to compel arbitration.[2] The risk of inconsistent rulings would multiply with every proceeding, from discovery to class certification, from summary judgment to trial. All parties will benefit from the elimination of duplicative discovery if these cases are litigated in the same district. *Intersearch Worldwide*, 544 F. Supp. 2d at 964 (dismissing case under the first-to-file rule).

Here, Plaintiff contends that the SDNY Action differs because the state law claims in each case are distinct.[3] But that is not the test, and Plaintiff offers no case law stating that the mere existence of specific state law claims precludes transfer. Nor could she. Sustaining a competing class action that is later filed in a separate jurisdiction merely because the state law causes of action differ is an open invitation to abuse of the judicial process.[4] In any event, the SDNY Action <u>already</u> contains Minnesota and New York claims. There is no reason to squander judicial resources in two different cases when one case <u>already</u> contains state law claims from multiple states. *See, e.g., Zou v. Mkt. Am., Inc.*, No. 19-CV-01282-LHK, 2019 WL 13218583, at *4 (N.D. Cal. 2019) (ordering transfer of class

---

[2] To the extent that AMC moves for to compel arbitration in the future, case law is clear that such a motion is proper <u>after</u> moving to transfer. *Keller v. Amazon.com, Inc.*, 17-CV-02219-RS, 2019 WL 13113043, at *1 (N.D. Cal. Oct. 23, 2019) ("taking up the arbitrability issue first would undermine the very interests served by the first-to-file rule"); *Marcelo v. Amazon.com, Inc.*, 21-CV-07843-JD, 2023 WL 1069880, at *1 (N.D. Cal. 2023) (transferring case under first-to-file rule and declining to rule on motion to compel arbitration);

[3] *See* Notice of Pendency of Other Action or Proceeding, ECF 5. Plaintiff also argues that, because the <u>named</u> plaintiffs in each case are different, they are not ripe for transfer. As AMC demonstrates here, the identity of named plaintiffs has no bearing on the Court's analysis regarding transfer of class actions.

[4] Plaintiff here notably dedicates eight paragraphs (¶¶ 25-32) in her Complaint regarding the "Legal Background" of the VPPA but devotes no specific paragraphs to the ancillary state-specific claims she argues should preclude transfer.

action complaint, including California state law claims, to Middle District of North Carolina). *See also Schwartz v. Frito-Lay North America*, 2012 WL 8147135, at *5 (N.D. Cal. 2012) (finding Eastern District of New York "capable of dealing with the applicable law" on California claims). Applying the first-to-file rule here, this Court should dismiss this second-filed suit.

### 4. In the Alternative, if the Court Does Not Dismiss, It Should Transfer This Case Under the First-to-File Rule

If the Court decides not to dismiss this action, it should transfer the case to the Southern District of New York under the first-to-file rule. *Wallerstein v. Dole Fresh Vegetables, Inc.,* 967 F. Supp. 2d 1289, 1298 (N.D. Cal. 2013) (holding that when all three elements of the first-to-file rule are met, transfer is appropriate). Notably, where another pending action involves substantially similar legal and factual issues, the first-to-file rule supports transfer without reaching other factors traditionally considered under 28 U.S.C. § 1404(a). *See Young v. L'Oreal USA, Inc.*, 526 F. Supp. 3d 700, 708 (N.D. Cal. 2021) (transferring action to Southern District of New York without reaching section 1404(a) factors).

Permitting this later-filed case to proceed in parallel with the SDNY Action poses precisely the risks that the first-to-file rule is intended to prevent: duplicative litigation, unnecessary use of scarce judicial resources, and inconsistent rulings. If transferred, this case will be related to or consolidated with the SDNY Action pursuant to Federal Rule of Civil Procedure 42, and the New York district court will be able to manage the actions and avoid duplicative litigation and inconsistent rulings.

### B. In the Alternative, the Court Should Transfer This Case to the Southern District of New York Pursuant to Section 1404(a)

A transfer of this case is also warranted for the convenience of the parties and in the interests of justice pursuant to 28 U.S.C. § 1404(a). In determining whether to transfer a case under Section 1404(a), courts undertake a two-prong analysis. First, the court determines whether the case could have been brought in the transferee court. *Schwartz v. Frito-Lay N. Am.*, No. C12-02740, 2012 WL 8147135, at *4 (N.D. Cal. Sept. 12, 2012). Second, the court makes an "individualized, case-by-case consideration of convenience and fairness." *Id.* (citing *Inherent.com*, 420 F. Supp. 2d at 1098).

### 1.     Ickes Could Have Filed this Case in the Southern District of New York

The transferee court satisfies the first prong of the Section 1404(a) analysis if: (1) it would have subject-matter jurisdiction over the action; (2) defendant would be subject to personal jurisdiction; and (3) venue would be proper. *Martin v. Global Tel\*Link Corp.*, No. 4:15-cv-00449-YGR, 2015 WL 2124379, at \*3 (N.D. Cal. May 6, 2015).

Although none of the class action suits filed against AMC for purported violations of the VPPA belong in court because of a binding class action waiver and mandatory arbitration clause, there is no question the Southern District of New York meets the technical subject matter jurisdiction, personal jurisdiction, and venue requirements. This case is a nationwide putative action against a non-California business headquartered in New York and, setting aside for a minute the fact that all subscribers are subject to arbitration and a class waiver, the district court in New York would otherwise have subject-matter jurisdiction under the Class Action Fairness Act of 2005. 28 U.S.C. § 1332(d)(2). AMC has not challenged personal jurisdiction there in the *Vela* case. And, absent arbitration, venue is appropriate in the Southern District of New York under 28 U.S.C. § 1391(b). *Schwartz*, 2012 WL 8147135, at \*4 (finding latter-filed California case, where plaintiff sought to represent "nationwide class alleging claims relating to products sold nationally," could "certainly have been brought in the E.D.N.Y."). Accordingly, the first prong of the Section 1404(a) analysis is met.

### 2.     Convenience and Fairness Support Transfer of This Case

In determining whether the convenience of the parties and witnesses and the interests of justice support a transfer under the second prong of Section 1404(a), courts consider a number of factors, including:

> (1) the plaintiff's choice of forum; (2) the convenience of the parties; (3) the convenience of the witnesses; (4) ease of access to evidence; (5) familiarity of each forum with applicable law; (6) feasibility of consolidation of other claims; (7) any local interest in the controversy; and (8) the relative court congestion and time of trial in each forum.

*State v. Bur. of Land Mgmt.*, No. 4:18-cv-00521-HSG, 2018 WL 3439453, at \*2 (N.D. Cal. 2018) (collecting cases); *see also Jones v. GNC Franchising*, 211 F. 3d 495, 498-99 (9th Cir. 2000) (listing similar factors). "No single factor is dispositive, and a district court has broad discretion to adjudicate

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

motions for transfer on a case-by-case basis." *Morgan Hill Concerned Parents Assoc. v. Cal. Dep't of Educ.*, No. 2:11-cv-3471-KJM-AC, 2018 WL 2716900, at *2 (E.D. Cal. 2018) (quotation omitted). Applied here, the factors all strongly support a transfer of this case to the Southern District of New York.

### a) Plaintiff's Choice of Forum is Afforded Only Minimal Weight

While a plaintiff's choice of forum may be entitled to weight under Section 1404(a) [*see Peters v. Wells Fargo Bank, N.A.*, No. 4:17-cv-04367-JST, 2018 WL 398238, at *2-3 (N.D. Cal. 2018)], that is not the case here, where the other elements in the forum analysis solidly tip the balance towards a transfer. As a threshold matter, Plaintiff Ickes, by filing this matter in the Northern District of California and styling it as a putative class action, ignored the binding provision governing disputes between her and AMC that required the submission of an individual arbitration claim to JAMS. Had Plaintiff truly considered the appropriate forum, there would be no case pending here at all and instead the parties would already be arbitrating the merits of this dispute, as they contracted to do.

Separately, Plaintiff Ickes seeks to represent, primarily, a nationwide class. *Ickes* Compl. at ¶ 85 ("All persons residing in the United States..."). As a result, the Court should accord her choice of forum only "minimal consideration." *Lou v. Belzberg*, 834 F. 2d 730, 739 (9th Cir. 1987) (holding "when an individual brings a derivative suit or represents a class, the named plaintiff's choice of forum is given less weight"); *see, e.g., Schwartz*, 2012 WL 8147135, at *5 (holding that plaintiffs' choice of forum in representative action "receives less deference"); *Italian Colors Rest. v. Am. Express Co.*, No. 3:03-cv-03719-SI, 2003 WL 22682482, at *3 (N.D. Cal. 2003) ("The plaintiff's choice is given less deference where, as here, the action is brought on behalf of a nationwide class"); *Esquer v. StockX, LLC*, No. 19-CV-05933-LHK, 2020 WL 3487821, at *4 (N.D. Cal. 2020) (finding that Plaintiff's choice of forum is due only "some deference" when transferring case to Eastern District of Michigan).

For all these reasons, Plaintiff's chosen forum should not dissuade the Court from transferring this case to the Southern District of New York.

//

//

### b) Convenience of the Parties and Witnesses Support Transfer of This Case to the Southern District of New York

The second, third, and fourth factors — convenience of the parties, of the witnesses, and availability of evidence — all also favor a transfer. AMC is already litigating a case in New York, and the same witnesses and evidence will be relevant to both cases given the overlap of factual and legal issues. Plaintiff, who is an unnamed class member in the *Vela* Action, will undoubtedly claim that it would be inconvenient for her to travel to New York. To the extent her deposition is required in the *Vela* Action, however, AMC has no objection to deposing this Plaintiff in her home state. The inconvenience to AMC of having to litigate the same issues in multiple courts is far greater. *Schwartz*, 2012 WL 8147135, at *5.

### c) The Interest of Justice is Served by Transfer

Other factors the Court may consider, including feasibility of consolidation and familiarity of the transferee court with the applicable law, similarly support transfer to the Southern District of New York.

"The feasibility of consolidation is a significant factor in a transfer decision, and even the pendency of an action in another district is important because of the positive effects it might have in possible consolidation of discovery and convenience to witnesses and parties." *Cardoza v. T-Mobile USA Inc.*, No. 3:08-cv-05120-SC, 2009 WL 723843, at *5 (N.D. Cal. Mar. 18, 2009); *see Martin*, 2015 WL 2124379, at *5 (noting transfer would allow cases to be consolidated and/or related, or at a minimum, discovery to be coordinated and disputes resolved by a single judge). Indeed, Section 1404(a) is intended to avoid the very situation occasioned by the filing of this lawsuit. *See Cont'l Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26 (1960) ("To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent.").

Should the Court transfer this case, the likelihood of consolidation with *Vela* Action is high. "Because the putative class alleged herein is entirely subsumed within the putative class before the [Southern District of New York], it is more than simply 'feasible' that the two actions could be consolidated if they were pending in the same district; rather, such consolidation is highly likely."

*Papaleo v. Cingular Wireless Corp.*, 2007 WL 1238713, at *1 (N.D. Cal. 2007).

Should this court transfer this case, AMC intends to identify this case as related to the *Vela* Action pursuant to S.D.N.Y. Local Rule 13, which would likely result in its assignment to Judge Andrew Carter, who was assigned to the *McCoy* Action and is now presiding over the *Vela* Action. *See Cadenasso v. Metro. Life Ins. Co.*, No. 13-CV-05491-JST, 2014 WL 1510853, at *7-8, 11 (N.D. Cal. Apr. 15, 2014) (transferring case because, based on transferee court's operating procedures, "there is a high likelihood that the court will assign the case to [the judge presiding over the earlier-filed action], even if the case is not consolidated with the ongoing case"). Absent transfer, AMC will be forced to litigate nearly identical motions in the instant action. *See Madani v. Shell Oil Co.*, No. 3:07- cv-04296-MJJ, 2008 WL 268986, at *2 (N.D. Cal. Jan. 30, 2008) ("Judicial resources are conserved when an action is adjudicated by a court that has already committed judicial resources to the contested issues and is familiar with the facts of the case.") (quotations omitted); *see also Schwartz*, 2012 WL 8147135, at *5 (finding Eastern District of New York "capable of dealing with the applicable law" on California claims). This factor thus also strongly supports a transfer.

Further, in light of the overlapping factual and legal issues (*see supra* at Sections III.A.2-3), transfer best mitigates the risk of inconsistent results presented by multiple cases. *See Argonaut Ins. Co. v. Mac Arthur Co.*, No. 3:12-cv-3878-WHA, 2002 WL 145400, at *4 (N.D. Cal. Jan. 18, 2002) ("The best way to ensure [ ] consistency is to prevent related issues from being litigated in two separate venues."). Absent a transfer, there is a risk of conflicting rulings on AMC's forthcoming motion to compel arbitration, and, if the matter does for some reason proceed in court, key issues like preemption and whether the various plaintiffs have met the requirements under Rule 23 for class certification. *See* Fed. R. Civ. Proc. 23. Given that a nearly identical case is already being adjudicated by Judge Andrew Carter of the Southern District of New York, he is no doubt very familiar with the applicable law. *Nypl v. JPMorgan Chase & Co.*, No. 3:15-cv-02290-VC, 2015 WL 9980704, at *1 (N.D. Cal. 2015) (granting motion to transfer class action to Southern District of New York where similar litigation was already ongoing).

In sum, transfer will neither inconvenience the parties, nor delay the proceedings, and will instead promote convenience and judicial economy and avoid inconsistent results. Accordingly, the

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

benefits of transfer and consolidation greatly outweigh any inconvenience, delay, or expense it may cause. *See Morgan Hill Concerned Parents Assoc.*, 2018 WL 2716900, at *5 ("Because transfer serves judicial economy, avoids unnecessary duplication of effort and expenses among the parties and reduces the risk of inconsistent results, the interest of justice tips the analysis in favor of transfer.").

## V. CONCLUSION

AMC respectfully requests that this Court grant this motion and dismiss this second-filed case or, in the alternative, transfer this case to the Southern District of New York pursuant to the first-to-file rule, or alternatively, 28 U.S.C. § 1404(a).

Dated: April 28, 2023

*/s/ Ashley L. Shively*
HOLLAND & KNIGHT LLP
Ashley L. Shively
Andrew Klair

Attorneys for Defendant
AMC Networks, Inc.